U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 23 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

CHARLES GOLDEN, ET AL, §
§
        Plaintiffs, §
§
VS. § NO. 4:14-CV-333-A
§
JPMORGAN CHASE BANK, N.A., §
§
        Defendant. §

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss for
failure to state a claim upon which relief could be granted
pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, filed in the above action by defendant, JPMorgan Chase
Bank, N.A. Plaintiffs, Charles Golden and Alissa Golden, filed a
response. Having now considered all of the parties' filings,
plaintiffs' first amended complaint, and the applicable legal
authorities, the court concludes that the motion should be
granted.

I.

Background and Plaintiffs' Pleaded Claims

Plaintiffs initiated this action by filing their original
petition and application for temporary restraining order in the
District Court of Tarrant County, Texas, 236th Judicial District.

Following removal, the court ordered plaintiffs to file an amended complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Plaintiffs then filed their first amended complaint, in which they alleged the following:

On or about February 27, 2008, plaintiffs signed a promissory note payable to The Lending Partners, Ltd., secured by a deed of trust, in the amount of $96,239.00, for the purchase of property in North Richland Hills, Tarrant County, Texas. Prior to the date plaintiffs initiated this action, they sought assistance from defendant in obtaining a loan modification to reduce their mortgage payments "in a time of financial difficulty." Pls.' First Am. Compl. at 3. "Defendant agreed that it would review the loan for a modification under one of their numerous programs available and instructed Plaintiffs to submit an application and financial information." <u>Id.</u> at 3-4.

Plaintiffs submitted the requested information; however, defendant apparently lost or misplaced the documentation, thus requiring plaintiffs to reapply for a loan modification and resubmit their information numerous times. At the time plaintiffs initiated this action, defendant had neither approved

nor denied the modification, nor had it provided any written explanation to plaintiffs as to why no approval or denial was forthcoming.  Because defendant failed to inform plaintiffs of the approval or denial, plaintiffs were deprived of their right to appeal defendant's decision, and they did not realize they "needed to make other plans regarding their loan and residence." Id. at 4.  Consequently, plaintiffs incurred "additional late fees, default interest and fees," making it impossible for them to "catch up" on their mortgage payments.  Id.  Although the deed of trust affords plaintiffs an opportunity to reinstate their loan, defendant denied plaintiffs this right by not informing them that the loan modification had been denied.

Defendant informed plaintiffs of its intent to foreclose on their property.  However, the public records of Tarrant County show no assignment or conveyance of the deed of trust from the original lender to defendant.  Accordingly, plaintiffs in the complaint questioned whether defendant had authority to initiate foreclosure proceedings.

Plaintiffs in the first amended complaint alleged claims and causes of action against defendant for breach of contract and anticipatory breach of contract, alleged that defendant violated the Texas Debt Collection Act ("TDCA"), and challenged defendant's right to foreclose on the property because there was

3

no public record of an assignment of the deed of trust to defendant. Plaintiffs also sought injunctive relief to bar any transfer of their property.

## II.

### Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to

state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the documents attached to defendant's motion to dismiss are considered part of the pleadings or are matters of public record,[1] the court may consider them in its

---

[1] The documents which are either referred to in the amended complaint or of which defendant asks the

(continued...)

resolution of the motion to dismiss.  <u>Id.</u>

III.

<u>Application of Law to Facts</u>

A.   <u>Authority to Foreclose and Violation of TDCA</u>

Although the complaint alleged that the public records included no record of any assignment of the deed of trust to defendant from the original lender, it is unclear if plaintiffs are attempting to assert a claim on that basis.  To the extent they intended to do so, defendant moves for dismissal of such claim because the assignment is included in the public records. Defendant provided a copy of the assigning document, which is included in the public records of the Tarrant County Clerk, and of which the court takes judicial notice.

In their response, plaintiffs stated that they had no access to an assignment of record showing any transfer of the property to defendant, but indicated that upon receipt of such assignment, they would amend their complaint to dismiss this cause of action against defendant.  Defendant included a copy of the assignment in the appendix to its motion to dismiss, a copy of which was served on plaintiffs.  Inasmuch as plaintiffs have now received a

_____

(...continued)

court to take judicial notice include the deed of trust, assignment of the deed of trust, and the note. The note is attached as an exhibit to a motion for relief from stay filed by defendant in plaintiffs' bankruptcy proceeding in case number 09-40315-DML-13, in the bankruptcy court for the Northern District of Texas.

copy of the assignment via their copy of defendant's appendix, the court concludes that plaintiffs have abandoned this claim.

Similarly, defendant sought dismissal of plaintiffs' TDCA claim because no provision of the statute requires a debt collector to give thirty days' notice prior to initiating foreclosure proceedings. Plaintiffs apparently agree, and indicated in their response that they will dismiss this claim.

B.   Plaintiffs' Breach of Contract Claims are Dismissed

The basis of plaintiffs' breach of contract claims appears to be that defendant offered, and plaintiffs accepted, a "loan modification review." Pls.' First Am. Compl. at 5. Plaintiffs contend they submitted the financial information requested by defendant to determine if they qualified for a loan modification, and that in so doing, they relied on defendant's representations and promises. Such reliance, plaintiffs maintain, constituted a unilateral contract which defendant breached when the property was posted for foreclosure sale.

Defendant argues that plaintiffs' breach of contract claim should be dismissed because it is barred by the statute of frauds, and because plaintiffs have failed to allege that they performed or tendered performance under the note and deed of trust.

1.    Statute of Frauds

Under Texas law, a loan agreement involving an amount in excess of $50,000.00 is unenforceable unless the agreement is in writing and signed by the party to be bound.  Tex Bus. & Com. Code Ann. § 26.02(b).  A promise pertaining to the sale of real estate must also be in writing.  Id. at 26.01(b)(4).  Hence, any agreement regarding modification of a loan to purchase real property must be in writing.  Martins v. BAC Home Loans Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013).

Here, plaintiffs pleaded that their original loan, pertaining to the purchase of real estate, was in the amount of $96,239.00.  Because the contract purportedly breached by defendant pertained to modification of this loan, it was subject to the statute of frauds, and was required to be in writing.  Martins, 722 F.3d at 256 (holding agreement to modify mortgage note was subject to statute of frauds and unenforceable unless in writing).  Plaintiffs alleged only that defendant agreed to review their loan for a modification.  The complaint did not allege that any agreement to modify the loan was ever made, much less put in writing.  Hence, plaintiffs cannot overcome the statute of frauds.

In their response, plaintiffs argue that promissory estoppel may avoid the statute of frauds "when the alleged promise is to

sign an <u>existing</u> document that satisfies the statute of frauds."
Pls.' Resp. and Br. In Opp'n to Def.'s Mot. to Dismiss Pls.'
Compl. at 5.  Plaintiffs' argument aims at, but misses, the mark.
The Fifth Circuit has held that promissory estoppel can overcome
the statute of frauds where there is "a promise to sign a written
contract which had been prepared and which would satisfy the
requirements of the statute of frauds."  <u>Martins</u>, 722 F.3d at
256-57 (citation omitted).  However, plaintiffs alleged only that
defendant orally agreed to offer them a loan modification review.
Nowhere did plaintiffs allege that defendant promised to sign any
modification document which had been prepared and which would
satisfy the statute of frauds.  Accordingly, plaintiffs' breach
of contract claim fails.[2]

    2.   <u>Plaintiffs Failed to Tender Performance</u>

Defendant also argues that plaintiffs' breach of contract
claim fails because they failed to allege that they tendered
performance.  Although this argument appears meritorious and
would likely result in dismissal of the breach of contract claim,

---

[2]The applicable heading in the first amended complaint states that plaintiffs are asserting claims for "breach of contract and anticipatory breach of contract." Pls.' First Am. Compl. at 5. The elements of a claim for anticipatory breach of contract under Texas law are: (1) absolute repudiation of a contractual obligation; (2) lack of a just excuse for the repudiation; and (3) damage to the non-repudiating party. <u>See</u> <u>Gonzalez v. Denning</u>, 394 F.3d 388, 394 (5th Cir. 2004). No mention is made in the first amended complaint of any purported repudiation, nor are facts alleged that could be construed as asserting such a claim. It thus appears that "anticipatory breach of contract" was an erroneous addition to the complaint and not an intent to assert a cause of action.

the court need not consider it, as the court has already

dismissed the claim based on the statute of frauds.

C.   Injunctive Relief

Defendant argued for dismissal of plaintiffs' request for

injunctive relief on the ground that, if the court dismisses all

of plaintiffs' other claims and causes of action, nothing remains

to support such a request.  Because plaintiffs have failed to

show a plausible right to relief on any of their claims, they are

not entitled to injunctive relief.

D.   Plaintiffs' Request to Amend Complaint

In the conclusion of their response, plaintiffs ask that

they be permitted to replead, should the court determine any of

their claims are deficient.  Rule LR 10.1(a) of the Local Civil

Rules of the United States District Court for the Northern

District of Texas requires that "each . . . motion, or other

paper must: (a) contain on its face a title clearly identifying

each included pleading, motion, or other paper; . . . ."  The

response to the motion to dismiss does not comply with this rule.

Nor did plaintiffs in their response inform the court of the

additional facts they could plead to correct the deficiencies in

the first amended complaint, and they did not attach to the

response a proposed second amended complaint.  Under these

circumstances, the court is not permitting plaintiffs to replead.

10

Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010).

Additionally, the first amended complaint represents plaintiffs' second pleading in this action.  Plaintiffs filed their original petition in the state court.  Upon removal, the court entered an order that described the pleading standards required by the Federal Rules of Civil Procedure, as interpreted by Twombly and Iqbal, and ordered plaintiffs to file an amended complaint consistent with those standards.  Plaintiffs then filed the first amended complaint.  Plaintiffs have thus been provided ample opportunity to correct any deficiencies in their pleadings and plead their best case, and the court can see nothing to be gained by allowing them another bite at the apple.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs, Charles Golden and Alissa Golden, against defendant, JPMorgan Chase Bank, N.A., be, and are hereby, dismissed with prejudice.

SIGNED July 23, 2014.

JOHN McBRYDE
United States District Judge

11